UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

HELEN SWARTZ, Individually, :
:
        Plaintiff, :
vs. :
: Case No.
BEST WESTERN INTERNATIONAL, INC., :
an Arizona Corporation, :
:
        Defendant. :
_____/

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, HELEN SWARTZ, Individually, on her behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, BEST WESTERN INTERNATIONAL, INC., an Arizona Corporation d/b/a HOTEL ARYA (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

**COUNT I**

1.    Plaintiff, Helen Swartz, is an individual residing in Miami Beach, FL, in the County of Miami-Dade.

2.    Defendant's property, Hotel Arya, is located at 2889 McFarlane Road, Coconut Grove, FL, in the County of Miami-Dade.

3.    Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and the Defendant does business within this judicial district.

1

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.  The Court has supplemental jurisdiction over the State Law Claims, pursuant to 28 U.S.C. 1367.

5.      Plaintiff Helen Swartz is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Helen Swartz suffers from multiple sclerosis. She was diagnosed twenty years ago and as a result of losing her ability to ambulate, she uses a mobility scooter.  Family and friends often visit her in the Miami area and she enjoys visiting with them at the various hotels in which they stay. Ms. Swartz sometimes stays in hotels with them to eliminate the need to return home late, as fatigue is a significant component of the disease.  She and her husband also enjoy celebrating special events such as birthdays and anniversaries by enjoying hotel restaurants and spending the night to use spa amenities. Ms. Swartz's granddaughter enjoys using the hotel pools when visiting Miami and Ms. Swartz enjoys treating her granddaughter to overnight stays in hotels in Miami.

Helen Swartz visited the property which forms the basis of this lawsuit from July 7 through July 8, 2021, and has reservations to return to the Hotel from January 18 through January 19, 2022.  She will be returning to Coconut Grove with a friend who is interested in moving to the area;  they will go to shops, restaurants, and explore the neighborhood.  The Plaintiff also wishes to avail herself of the goods and services available at the property, and to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

6.      Defendant owns, leases, leases to, or operates a place of public accommodation as

defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Hotel Arya, and is located at 2889 McFarlane Road, Coconut Grove, FL.

7. Helen Swartz has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 9 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Helen Swartz desires to visit Hotel Arya not only to avail herself of the goods and services available at the property, but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8. The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

9. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Riviera Suites South Beach has shown that violations exist. These violations that Helen Swartz has personally encountered or observed, and which were verified by an ADA expert, include, but are not limited to:

   a. The hotel does not provide the required amount of compliant accessible guest rooms, and the accessible rooms are not dispersed among the various classes of accommodations. This is in violation of section 224 of the 2010 Standards for

Accessible Design. 28 CFR §36.304. This denies to Plaintiff the full and equal opportunity to stay at the subject hotel. 28 CFR §36.302(e)(1).

  b.  The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

  c.  The site has valet parking but does not have a passenger loading zone. This is in violation of sections 209.4 and 503 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

  d.  Directional signage is not provided to an accessible entrance to the hotel. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of section 216.3 of the 2010 Standards for Accessible Design. This condition made it difficult to find an accessible entrance to the hotel; 28 CFR §36.201, §36.202, §36.304.

  e.  The check-in counter is out of reach to a person in a wheelchair. This is in violation of sections 227 & 904 of the 2010 Standards for Accessible Design: 28 CFR §36.201, §36.202, §36.203, §36.302 & §36.304.  This condition denied the plaintiff to independently access the facility.

  f.  An accessible route is not provided to access the Fitness Center.  The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of section 206.2.2 of the 2010 Standards for Accessible Design. This condition denied the plaintiff access to the Fitness Center; 28 CFR §36.201, §36.202, §36.202 & §36.304.

  g.  The hotel discriminated against the Plaintiff by only offering the Fitness Center to able individuals. 28 CFR §36.201, §36.202, §36.202 & §36.304.

  h.  Accessible seating in the lobby and at the tables around the hotel are not provided to a person using a wheelchair. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of sections 226, 902 and 903.4 of the 2010 Standards for Accessible Design. This condition denied the Plaintiff access the lobby square or the tables around the hotel; 28 CFR §36.201, §36.202, §36.304.

  i.  The Plaintiff was denied access to the roof top as the elevator for the handicapped to access the roof top is out of order.  The hotel did not make reasonable accommodations to properly maintain the elevator.  This is in violation of 28 CFR §36.201, §36.202, §36.211& §36.304.

  j.  In the lobby bathroom, a clear floor space is not provided for a forward

access to the lavatory. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of section 606.2 of the 2010 Standards for Accessible Design: 28 CFR §36.201 and §36.304. This condition denied the plaintiff to independently access the facility.

  k.  In the lobby bathroom, a forward reach is not provided to access the soap dispensers at the lavatory. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of section 308.2 of the 2010 Standards for Accessible Design: 28 CFR §36.201 and §36.304. This condition denied the plaintiff to independently access the facility.

  l.  In the lobby bathroom, the mirror above the lavatory is too high. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of section 603.3 of the 2010 Standards for Accessible Design: 28 CFR §36.201 and §36.304. This condition denied the plaintiff to independently access the facility.

  m.  In the lobby bathroom, the stall door does not have door pulls on both sides of its door. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of section 604.8.1.2 of the 2010 Standards for Accessible Design: 28 CFR §36.201 and §36.304. This condition denied the plaintiff to independently exit the facility.

  n.  In the lobby bathroom, the toilet seat dispenser and the towel dispensers are out of reach to a person in a wheelchair. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of section 308 & 309 of the 2010 Standards for Accessible Design: 28 CFR §36.201 and §36.304. This condition denied the plaintiff to independently access the facility.

  o.  The pool lift is in a storage room. The pool lift is not located near the pool or spa. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of section 1009.2.1 of the 2010 Standards for Accessible Design: 28 CFR §36.201, §36.202, §36.302 & §36.304. This condition denied the plaintiff to independently access the facility.

  p.  The hotel discriminated against the Plaintiff by only offering able individuals' access to the pool. This is in violation of 28 CFR §36.201, §36.202, §36.202 & §36.304.

  q.  The sanitizing dispensers are out of reach to a person in a wheelchair. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of section 308 of the 2010 Standards for Accessible Design: 28 CFR §36.201, §36.202, §36.203, §36.302 & §36.304. This condition denied the plaintiff to independently access the dispensers.

  r.  The house phone in the hallway is out of reach to a person in a wheelchair. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of section 309 of the 2010 Standards for Accessible Design: 28 CFR §36.201, §36.202, §36.203, §36.302 & §36.304. This condition denied the plaintiff to independently access the telephone.

  s.  In the pool bathroom, the toilet seat dispenser and the towel dispensers are out of reach to a person in a wheelchair. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of section 308 & 309 of the 2010 Standards for Accessible Design: 28 CFR §36.201 and §36.304. This condition denied the plaintiff to independently access the facility.

  t.  In the accessible guestroom #1515 which hotel deemed an accessible guestroom, the window controls, are out of reach to a person in a wheelchair. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of sections 305, 309 and 806 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition denied the plaintiff to independently access the facility.

  u.  In the accessible guestroom #1515, which hotel deemed an accessible guestroom, the operable part on the window controls requires tight grasping, pinching, or twisting of the wrist. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of sections 309.4 and 806 of the 2010 Standards for Accessible Design: 28 CFR §36.201 & §36.304. This condition denied the plaintiff to independently access the facility.

  v.  In the accessible guestroom #1515, which hotel deemed an accessible guestroom, a clear floor space for a forward reach is not provided to access the lights by the bed or from the bed. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of sections 305, 308, 309 & 806 of the 2010 Standards for Accessible Design: 28 CFR §36.201 §36.304. This condition denied the plaintiff to independently access the facility.

  w.  In the accessible guestroom #1515 which hotel deemed an accessible guestroom, a path of travel is not provided to access the standing lamp that is behind the chair. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of sections 305 & 806.2.1 of the 2010 Standards for Accessible Design: 28 CFR §36.201 and §36.304. This condition denied the plaintiff to independently access the facility.

  x.  In the accessible guestroom #1515 which hotel deemed an accessible guestroom the balcony is not accessible to a person in a wheelchair to either enter or exit the exterior space. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of section 806.2.2 of the 2010 Standards for Accessible Design: 28 CFR §36.201 and §36.304. This condition denied the plaintiff to

independently access the facility.

  y.  The hotel discriminated against the Plaintiff by only offering able individuals' access to the guestroom's exterior space. This is in violation of 28 CFR §36.201, §36.202, §36.202 & §36.304.

  z.  In the accessible guestroom #1515 which hotel deemed an accessible guestroom the microwave in the kitchenette is not accessible to a person in a wheelchair. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of sections 804.6.2 & 806 of the 2010 Standards for Accessible Design: 28 CFR §36.201 and §36.304. This condition denied the plaintiff to independently access the facility.

  aa.  In the accessible guestroom #1515 which hotel deemed an accessible guestroom items in the cabinets above the sink and microwave in the kitchenette are not accessible to a person in a wheelchair. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of sections 804.5 & 806 of the 2010 Standards for Accessible Design: 28 CFR §36.201 and §36.304. This condition denied the plaintiff to independently access the facility.

  bb.  In the accessible guestroom #1515 which hotel deemed an accessible guestroom the HVAC is not accessible to a person in a wheelchair. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of sections 309 & 806 of the 2010 Standards for Accessible Design: 28 CFR §36.201 and §36.304. This condition denied the plaintiff to independently access the facility.

  cc.  In the accessible guestroom #1515 which hotel deemed an accessible guestroom both the closet rod and shelf are not accessible to a person in a wheelchair. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of section 811.3 of the 2010 Standards for Accessible Design: 28 CFR §36.201 and §36.304. This condition denied the plaintiff to independently access the facility.

  dd.  In the accessible guestroom #1515 which hotel deemed an accessible guestroom, the pipe underneath the lavatory is exposed. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.201 and §36.304. This condition made it difficult for the plaintiff to access the facility.

  ee.  In the accessible guestroom #1515 which hotel deemed an accessible guestroom, a proper clearance is not provided around the water closet. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.201 and §36.304. This condition made it difficult for the plaintiff to access the facility.

ff. In the accessible guestroom #1515 which hotel deemed an accessible guestroom, the location of the water closet is too far from the side wall. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.201 and §36.304. This condition made it difficult for the plaintiff to access the facility.

gg. In the accessible guestroom, #1515, a shower seat is not provided in the accessible guestroom roll-in shower. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design. This condition denied the plaintiff to independently access the roll-in shower 28 CFR §36.201, §36.302 & §36.304.

hh. In the accessible guestroom, #1515, appropriate grab bars are not provided in the accessible guestroom roll-in shower. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design. 28 CFR §36.201, §36.302 & §36.304. This condition denied the plaintiff to independently access the roll-in shower

ii. In guestroom #1515 which hotel deemed an accessible guestroom, the shower spray unit in the roll-in shower does not have an on/off control with a non-positive shut-off. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

jj. In the accessible guestroom #1515 which hotel deemed an accessible guestroom, the shower unit is out of reach to a person in a wheelchair. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of section 806 .2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.201 and §36.304. This condition denied the plaintiff to independently access the facility.

kk. In the accessible guestroom #1515 which hotel deemed an accessible guestroom, the dispensers in the roll-in shower are out of reach to a person in a wheelchair. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of sections 308 & 806 .2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.201 and §36.304. This condition denied the plaintiff to independently access the facility.

ll. In the accessible guestroom #1515 which hotel deemed an accessible guestroom, the towel bar above the water closet is out of reach to a person in a wheelchair. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of sections 308 & 806 .2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.201 and §36.304. This condition denied the plaintiff to independently access the facility.

      mm.    In the accessible guestroom #1515 which hotel deemed an accessible guestroom, the hook above the bathroom door is out of reach to a person in a wheelchair. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of sections 308 & 806 .2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.201 and §36.304. This condition denied the plaintiff to independently access the facility.

      nn.    In guestroom #622, which hotel deemed an accessible guestroom, the toilet paper dispenser is too far from the water closet. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.201, §36.304. This condition denied the plaintiff to access to the facility independently.

      oo.    In guestroom #1515, which hotel deemed an accessible guestroom, the operable parts on the vanity in the bathroom requires tight grasping and pinching. The hotel did not make reasonable accommodations to redesign access for this facility. This is in violation of sections 309.4 and 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.201, §36.304. This condition denied the plaintiff to access to the facility independently.

10.    All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines, and the 2010 ADA Standards for Accessible Design (ADAAG), as promulgated by the U.S. Department of Justice.

11.    The discriminatory violations described in paragraph 9 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the

9

Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12.     Defendant has discriminated against the individual by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities,

including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Riviera Suites South Beach to make those facilities readily accessible to and useable by the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.  The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

17. Prior to the filing of this lawsuit, Plaintiff's counsel conducted a thorough PACER search to determine whether prior ADA cases had been filed in the Southern District of Florida against the instant property and was unable to locate related cases.  Two unrelated lawsuits for ADA violations involving the website and reservation system were found.  However, the instant lawsuit does not allege such violations.

**WHEREFORE,** Plaintiff respectfully requests:

    a. The Court issue a Declaratory Judgment that determines that the

Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II - NEGLIGENCE

20.   Plaintiff realleges all allegations heretofore set forth.

21.   Defendant, through its activities and past ventures and experience, knew or reasonably should have known its duties to the impaired.  Defendant had a duty to Plaintiff to remove ADA accessibility barriers, and adopt policies and procedures, as mandated by the ADA, so that Plaintiff, as a disabled individual would have full and equal access to the subject public accommodation.

22. Defendant breached this duty.

23. Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem.

24. Discrimination against individuals with disabilities persists in the use and enjoyment of public accommodations.

25. The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals.

26. The ADA has been the law of the land since 1991, but Defendant has negligently denied Plaintiff her civil rights by maintaining architectural barriers that preclude the Plaintiff from the full and equal use of the subject premises, and that endangered and continues to endanger Plaintiff's safety. This negligent conduct of the Defendant has also caused Plaintiff damage by virtue of segregation, discrimination, relegation to second class citizen status and the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

**WHEREFORE,** Plaintiff prays for relief, as follows:

A. For finding of negligence; and

B. For damages in an amount to be proven at trial; and

C. For such other and further relief as the Court may deem just and proper.

Dated:   July 26, 2021                                  Respectfully submitted,

*/s/   Lawrence A. Fuller*
Lawrence A. Fuller, Esq. (FBN 0180470)
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
lfuller@fullerfuller.com

*Attorney for Plaintiff Helen Swartz*